RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 FEB 18  A 10: 29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barbara Grant, ) | C. A. No. 2:08-0854-HMH-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Barbara Grant, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff protectively filed an application for disability insurance benefits on March 27, 2006, alleging that she became disabled on November 2, 2004, due to a head injury and nerve damage. Subsequently the plaintiff added complaints arising from heart surgery. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on October 6, 2006. A hearing was held on March 6, 2007. (Tr. 454-471). The

administrative law judge before whom the plaintiff appeared with counsel, and Dr. Thomas Neil, a vocational expert, considered the case de novo, and on March 21, 2007, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 14-23). The plaintiff submitted additional evidence to the Appeals Council which the Appeals Council reviewed. The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on February 28, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since November 2, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).
>
> 3. The claimant has the following severe impairments: disc protrusions of the cervical spine, carpal tunnel syndrome, status post mitral valve replacement, and coronary artery disease (status post single vessel bypass grafting)(20 CFR 404.1520(c)). ...
>
> 4. The claimant does have an impairment of combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). ...
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work, including lifting up to twenty pounds occasionally and ten pounds frequently, standing

>and walking for at least six hours of the work day, and sitting throughout the work day. Her residual functional capacity is further restricted to preclude more than occasional crawling or climbing of ladders, ropes, and scaffolds; more than frequent fine manipulation with either hand; and concentrated exposure to extremes of temperature and humidity. ...
>
>6. The claimant is capable of performing past relevant work as a laboratory assistant/keying operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). ...
>
>7. The claimant has not been under a disability, as defined in the Social Security Act, from November 2, 2004, through the date of this decision (20 CFR 404.1520(f)).

Tr. 16-23.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

>the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2)

has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

### ISSUES PRESENTED

By brief, the plaintiff presented the following two issues.

4

> 1. Did the Commissioner apply an improper legal standard by failing to recontact Plaintiff's cardiologist to resolve a perceived inconsistency in the record, in violation of 20 CFR 404.1527 (c)(3)?
>
> 2. Are the Commissioner's findings regarding Plaintiff's RFC supported by substantial evidence?

At oral argument before the undersigned on January 22, 2009, the plaintiff's counsel complained that the Appeals Council should have sent the case back to the administrative law judge to consider newly submitted evidence i.e., a letter dated June June 5, 2007, Tr. 453, from treating cardiologist, Dr. Croitoru. Counsel stated that he was not challenging the administrative law judge's decision that the plaintiff was not disabled up until August 17, 2006, but was seeking a remand to consider whether the plaintiff's cardiac impairment and residuals from her cardiac surgery were disabling and lasted or were expected to last for at least twelve (12) months.

## DISCUSSION

A review of the record and relevant case law reveals that the Commissioner's decision that the Plaintiff was not disabled should be affirmed for the period up until August 17, 2006, but should be reversed and remanded with instructions to consider whether the medical impairments discussed in her treating cardiologist's letter dated June 5, 2007, were disabling and entitled the Plaintiff to a closed period of benefits.

Here, after the publication of the unfavorable administrative law judge decision, Plaintiff's counsel obtained an updated statement of the treating cardiologist dated June 5,

5

2007, and submitted it to the Appeals Council. Tr. 453. That letter, which was prepared after the Plaintiff's open heart surgery in November 2006, reports that by June 2007, the Plaintiff had not recovered from the heart surgery. Plaintiff had complaints of severe chest pain associated with even minimal exertion, and a CAT scan of the Plaintiff's chest showed that Plaintiff had sternum nonunion due to improper healing of the breastbone after it had been cut in order to perform open heart surgery. The doctor wrote that he was of the belief that the chest pain symptoms "are really quite disabling, precluding a return to work." Tr. 453.

The letter was submitted as new evidence to the Appeals Council. Although the Appeals Council acknowledged the existence of the additional evidence, its notice merely states that the Appeals Council has, "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 7.

<u>REMAND WHEN APPEALS COUNCIL FAILS TO DISCUSS NEW MATERIAL EVIDENCE FROM A TREATING PHYSICIAN</u>

In order for new evidence submitted at the Appeals Council level of review to be probative at all, it must meet three requirements. It must be new, material, and relate to the period on or before the date of the administrative law judge's decision. <u>Wilkins v. Secretary</u>, 953 F.2d 93, 95-96 (4th Cir. 1991).

6

Courts agree that the Code of Federal Regulations does not require the Appeals Council to set forth a detailed assessment of new evidence submitted to it in cases in which it denies review. However, the Fourth Circuit Court of Appeals has held that the Commissioner must indicate that all relevant evidence has been weighed and its weight. When neither an administrative law judge nor the Appeals Council indicate the weight accorded new evidence, a remand is proper. Stawls v. Calafano, 596 F.2d 1209, 1213 (4th Cir. 1979).

In short, if the Appeals Council ostensibly considers new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See, e.g., Andrews v. Astrue, 2008 WL 4790340 (W.D.Va. 2008); Smart v. Barnhart, 2004 WL 2898152 (D.S.C. 2004); Harmon v. Apfel, 103 F.Supp.2d 869 (D.S.C. 2000); Barden v. Apfel, No. 5:98-2637-18BD, slip op. (D.S.C. Oct. 4, 1999); Sumpter v. Apfel, 1999 U.S. Dist. LEXIS 21981, No. 5:97-2806-18JI, slip op. (D.S.C. Sept. 28, 1999); Alexander v. Apfel, 14 F.Supp.2d 839, 843 (W.D.Va. 1998).

Here, Dr. Criotoru's letter is new as it is based on a CAT scan done in April 2007, after the administrative law judge's decision about an impairment considered by the administrative law judge. It is material to the question of the Plaintiff's ability to perform substantial gainful activity and indicates that the Plaintiff has a sternum nonunion due to improper healing of the breastbone, an impairment not considered by the administrative

7

law judge. It relates to a period and condition prior to the administrative law judge's decision, that is the Plaintiff's surgery on November 2, 2006, but also the post-operative nonunion of the sternum discovered after the administrative law judge's decision. Therefore it is probative evidence. <u>Wilkins v. Secretary</u>, 953 F.2d 93, 95-96 (4th Cir. 1991).

As a result, the Appeals Council should have either added its reasoning for rejecting Dr. Croitoru's findings and opinion or remanded the matter to the administrative law judge for consideration. Without a reasoned decision on the new evidence and a continuation of the sequential evaluation process, if necessary, it cannot be said that substantial evidence supports the Commissioner's decision.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be affirmed for the period of time prior to August 17, 2006, and reversed for the period of time following August 17, 2006, under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be remanded to the Commissioner for consideration of the new

evidence and continuation of the sequential evaluation process if necessary. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina,

February 18, 2009